

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Kretchmar v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kretchmar v. Beard" (2007). *2007 Decisions.* Paper 735.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/735

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-275                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4039
_____

GARY L. KRETCHMAR,

v.

JEFFREY BEARD, PH.D. SECRETARY,
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
MARGARET M. GORDON, CLINICAL DIETICIAN,
PENNSYLVANIA DEPARTMENT OF CORRECTIONS

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-06108)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 21, 2007

Before:  BARRY, AMBRO and FISHER, Circuit Judges.

(Filed: July 18, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant, Gary Kretchmar, timely appeals from the District Court's Order

granting defendants' motion to dismiss.

Kretchmar is an inmate confined at the Pennsylvania State Correctional Institution at Graterford. He is a practicing Reform Jew who currently receives a non-rotating menu of cold food items to accommodate his request for a Kosher diet. In his complaint against Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections, and Margaret Gordon, a clinical dietician employed by the Department, Kretchmar argues that the failure of SCI Graterford to provide him with two hot meals per day and a rotating menu, in accordance with the general menu operating guidelines, violates the constitution and laws of both the United States and the Commonwealth of Pennsylvania. He also objects to being served food that did not meet his religious dietary requirements during the Passover holiday in 2005.

The District Court dismissed appellant's state law claims on the basis of Eleventh Amendment immunity and dismissed his federal law claims for failing to allege a substantial burden on the exercise of his religious beliefs. The Court did not grant leave to amend the complaint and denied his motion for reconsideration, finding that his claims regarding the 2005 Passover holiday had not been exhausted, and that the complaint did not attempt to articulate a due process claim.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and undertake plenary review of the District Court's ruling on immunity and dismissal under Rule 12(b)(6). See United States v. Gov't of V.I., 363 F.3d 276, 284 (3d Cir. 2004); County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 163 (3d Cir. 2006). We review the denial of leave to

amend the complaint for abuse of discretion.  See Anderson v. Ayling, 396 F.3d 265, 271

(3d Cir. 2005); In re Adams Golf, Inc. Securities Litig., 381 F.3d 267, 280 n.13 (3d Cir.

2004).  Before prisoners may bring a suit regarding prison conditions, they must first

exhaust all available administrative remedies.  42 U.S.C. § 1997e(a); see also Spruill v.

Gillis, 372 F.3d 218 (3d Cir. 2004).

We agree with the District Court's able analysis of defendants' claims of

immunity.  Individual state officials may not be sued in federal court for violations of

state law, unless immunity has been waived.  See Blanciak v. Allegheny Ludlum Corp.,

77 F.3d 690, 697 (3d Cir. 1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

89, 106 (1984).  Likewise, they may not be sued on a federal claim in their official

capacities when the relief sought essentially serves to compensate a party for injury

allegedly caused by the past action of the state official.  See Blanciak, 77 F.3d at 697.

They may, however, be subject to federal suit in their official capacities where the

plaintiff seeks prospective, injunctive relief from an ongoing violation of federal law.

See id.; Ex parte Young, 209 U.S. 123 (1908).  Thus, as explained by the District Court,

defendants are immune from all claims except those alleging an ongoing violation of the

Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.

§ 2000cc, and of appellant's First Amendment rights as protected by 42 U.S.C. § 1983.

As we have previously held that the cold Kosher diet of which Kretchmar

complains survives Constitutional scrutiny, see Johnson v. Horn, 150 F.3d 276, 283 (3d

Cir. 1998),[1] all that remains is to determine whether the practice runs afoul of RLUIPA.[2] To state a claim under RLUIPA, an institutionalized person must allege a "substantial burden on [her] religious exercise." 42 U.S.C. 2000cc-1. Here, we agree with the District Court's conclusion that the complaint fails to allege a substantial burden on appellant's religious exercise. Appellant concedes that he is being given a religiously compliant diet that meets his nutritional needs. While he may prefer a wider variety of hot meals, the diet he currently receives is not the type of burden that puts substantial pressure on him to modify his behavior and violate his beliefs. See Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (citing Thomas v. Review Bd. Of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)); San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004).

The District Court did not abuse its discretion in denying Kretchmar's motion for reconsideration. Appellant's objections to being served non-Kosher food during Passover of 2005 were not exhausted before this suit was filed and were properly dismissed. The District Court likewise was correct that it had no duty to conduct a due process analysis when the complaint raised no such claim.

---

[1]While DeHart v. Horn, 227 F.3d 47, 54-55 (3d Cir. 2000), overruled a portion of the analysis used in Johnson, it left the earlier case's substantive holding intact. See id. at 58-59.

[2]We agree with the District Court's conclusion that appellant's RLUIPA and § 1983 claims relating to lack of hot meals and menu rotation were properly exhausted before bringing suit. See Memorandum and Order of July 18, 2006, at 9-12.

Because this appeal lacks arguable merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).